UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.   2:13-CR-34(06) |
| | ) | |
| PENELOPE SHARP | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se*[1] motions for a sentence reduction, [Docs. 619, 623]. In the defendant's motions, the defendant requests that the Court resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded, [Doc. 642], and argues that the defendant is ineligible for the reduction because the resulting new guideline range is higher than the defendant's original sentence. *See* United States Guidelines Manual § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). For the reasons that follow, the defendant's motion is DENIED.

**I.     Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v.*

---

[1] Federal Defender Services was appointed to represent the defendant by Standing Order 14-07 and order, [Doc. 621, 626]. However, because the defendant is ineligible for relief, FDS is unlikely to file any supplemental motion on her behalf.

*United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court

2

"shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C). Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, the defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B). In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

The defendant pleaded guilty to conspiring to distribute a quantity of oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). At the time of sentencing, the defendant was held responsible for 129,000 milligrams of oxycodone, the equivalent of 864 kilograms of marijuana. [Presentence Investigation Report ("PSR") ¶ 30]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level was 30. [*Id.* ¶ 31]. The defendant received a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(a) and (b), which resulted in a offense level of 27, [*Id.* ¶ 46]. The defendant met the "safety-valve" eligibility requirements of USSG § 5C1.2 and pursuant to USSG § 2D1.1(b)(16) her offense level was decreased by another two levels resulting in a total offense level of 25. Given the defendant's criminal history category of I, the defendant's applicable

3

guideline range was 51 to 71 months' imprisonment, [Sentencing Transcript p. 2; PSR Second Addendum]. At the sentencing hearing, the government moved for an additional one level reduction due to the defendant's substantial assistance pursuant to USSG § 5K1.1 resulting in a guideline range of 51 to 63 months' imprisonment based on an offense level of 24. [Sentencing Transcript p. 6-7; Doc. 570]. Finally, the defendant signed and submitted to the Court an "Agreement Regarding Sentencing" where the government agreed to not object to an immediate two-level reduction based on the likely retroactive effect of Amendment 782 in exchange for the defendant waiving her future right to file a § 3582(c) motion requesting such a reduction. [Doc. 588]. The defendant and her counsel signed this waiver and after the Court inquired as to whether the waiver was entered knowingly and voluntarily, the Court accepted the waiver. [Sentencing Transcript p. 23]. The Court applied the agreement and lowered the defendant's offense level by two by applying Amendment 782, resulting in an offense level of 22. The defendant's final guideline range based on all of the reductions and the reduction in anticipation of Amendment 782 was 41 to 51 months. [*Id.*] The Court sentenced the defendant on June 30, 2014, to 41 months' imprisonment, [Doc. 596].

**III.    Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

4

The defendant here has already received the benefit of Amendment 782. The defendant agreed to waive her right to file this motion, a § 3582(c) motion based on the retroactivity of Amendment 782, in exchange for receiving an immediate two-level reduction at the time of her sentencing hearing in June 2014. The defendant submitted the executed waiver to the Court and answered the Court's questions at the sentencing hearing to ensure that she understood that she was waiving her right to file this motion in exchange for the immediate benefit of the Amendment's two-level reduction. Without the application of such a waiver, the defendant faced a guideline range of 51 to 63 months' imprisonment. However, as noted in the sentencing hearing transcript, the Court accepted the sentence reduction agreement and immediately lowered the defendant's offense level from 24 to 22 based on the likelihood that Amendment 782 would become retroactive. Because the defendant has already received the benefit of Amendments 782 and 788 and because she knowingly waived her right to file this motion, the defendant's motion, [Doc. 619], is DENIED. All provisions of the judgment, [Doc. 596], shall remain in effect.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE